### In re STEINBRINK.

### In re LLOYD et al.

(Supreme Court, Appellate Division, Second Department. July 30, 1915.)

ELECTIONS ⬡126—RIGHT TO VOTE AT PRIMARY—STATUTES.

Under Election Law (Consol. Laws, c. 17) § 19, providing that only enrolled voters shall participate in primary elections, and section 71, providing that no person shall vote at any official primary unless duly enrolled and qualified to vote on the day of election, where a voter enrolled in October, 1913, as a member of the Republican party, from a residence within a certain election district in Brooklyn, where he had resided and voted for eight years, and after enrollment acquired a residence in another election district, where he resided for more than six months before the primary election of September, 1914, his name not hav-

ing been stricken from the enrollment list in his old district, he could not vote at the primary in the new district and could not compel the board of inspectors to receive his ballot by taking, on challenge, the oath provided by section 72.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 118; Dec. Dig. ☞126.]

Appeal from Special Term, Kings County.

Application of Meier Steinbrink for mandamus against William G. Lloyd and others, as a Board of Primary Election Inspectors. From an order granting the application, said Lloyd and others appeal. Reversed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, MILLS, and RICH, JJ.

Edward A. Freshman, of Brooklyn (Charles J. Druhan, of Brooklyn, on the brief), for appellants.

Meier Steinbrink, of Brooklyn, pro se.

RICH, J. This appeal is by the members of the board of primary election inspectors of the Twenty-Seventh and Twenty-Eighth election districts of the Twelfth assembly district from an order of the Special Term directing the issuance of a peremptory writ of mandamus requiring them to receive the vote of the respondent (who was not enrolled) at the September, 1914, primary election, at the polling place in their election district in the borough of Brooklyn.

The relator enrolled in October, 1913, as a member of the Republican party, from No. 163 Windsor place, in the Twenty-Ninth election district, Twelfth assembly district, borough of Brooklyn, where he had resided and voted for eight years. After enrollment he acquired a residence at No. 18 Fuller place, which is within the Twenty-Seventh election district of said assembly district, where he had resided for more than 6 months prior to September 28, 1914, the primary election day. His name had not been stricken from the enrollment list in the Twenty-Ninth election district, and no proceeding had been instituted for that purpose. On primary day he presented himself at the Republican polling place in the Twenty-Seventh and Twenty-Eighth election districts, and his right to there vote, though he made it appear that he then resided and had resided for more than 30 days at No. 18 Fuller place in the borough of Brooklyn, was denied.

The question presented, so far as respondent is concerned, has become academic, but it remains important because the same question is likely to arise frequently until some Legislature will amend the statute by providing a method by which a person qualified to vote may not be deprived of the right to participate in the nomination of his party candidates. Under such circumstances, it seems necessary to express our views on the question involved in this controversy.

In the Election Law regulating the enrollment of voters to qualify them to vote at an official primary, it is provided by section 19 that:

"Only voters enrolled as provided in this article shall be entitled to participate in the official primary elections of their respective parties."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

And section 71 provided that:

"No person shall be entitled to vote at any official primary unless he is duly enrolled and may be qualified to vote on the day of election."

And an elector may not vote at a primary election in any other district than the one in which he is enrolled. He must be enrolled to be entitled to vote in any election district. He can enroll in only one district, and his name must appear on the enrollment book of that district. The qualification and limitation, "duly enrolled," applies only to the election district in which the voter is enrolled and upon the enrollment book of which his name appears.

The relator contends that a voter who has enrolled in an election district, and subsequently changed his residence by removing into another district, in which he is not enrolled, but in which he has resided more than 30 days immediately preceding the holding of the primary, is a qualified voter therein, and, can, if proceedings have not been instituted and his name stricken from such enrollment book, compel the board of inspectors to receive his ballot by taking the oath provided for by section 72. It is regrettable that the plain meaning and intent of the statute will not permit of such a construction. The oath provided by section 72 is a means of identification only of a voter who is enrolled in the election district in which he seeks to vote. While, as contended, the statute is incomplete and omits the desirable provision mentioned, we can render no relief. The powers of the court are limited to the construction and enforcement of statutes, and not their enactment, and we cannot remedy the faults and defects of a statute, or give relief from its requirements, if constitutional. The Legislature seems to have acted with the intention of preventing persons who have moved from an election district after enrolling therein, and who have acquired a residence in another district, from voting at a primary election.

Order reversed, without costs. All concur.